IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JORDAN PACK,<br><br>Defendant. | CRIMINAL ACTION FILE<br><br>NO: 1:23-cr-8-TCB |

# O R D E R

This case comes before the Court on Magistrate Judge Christopher C. Bly's Final Report and Recommendation (the "R&R") [41], which recommends denying Defendant Jordan Pack's motion [24] to dismiss the indictment, denying as moot Pack's motion [22] to suppress cell phone evidence, and granting in part and denying in part Pack's motion [23] to suppress statements. Specifically, the R&R recommends denying the motion to suppress as to the October 22, 2021 questioning about the firearm at issue and granting the motion to suppress as to the August 10, 2022 questioning unrelated to the firearm and as to the contested portions of Officer Taijeron-John's questioning of

Pack at the APD Public Safety Center. Pack has filed objections [51] to portions of the R&R.

## I. Background[1]

Pack has been charged in a three-count indictment with possessing a firearm on or about October 22, 2021, possessing ammunition on or about June 17, 2022, and possessing a firearm and ammunition on or about August 10, 2022, all while having knowledge that he had previously been convicted of armed robbery, a felony offense, in the Superior Court of Douglas County, Georgia, on or about October 1, 2008.

Pack was arrested on both October 22, 2021, and on August 10, 2022. Both times, he was in possession of firearms. He made statements to law enforcement during and following both arrests.

## II. Legal Standard

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*,

---

[1] Pack makes no specific objections to the facts as set forth in the R&R. Therefore, although the Court here summarizes the most relevant facts, it also adopts in full the facts as detailed in the R&R.

677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. A district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (A judge must "give fresh consideration to those issues to which specific objection has been made by a party."). Those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[2]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be

---

[2] *Macort* dealt only with the standard of review to be applied to a magistrate judge's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

### III. Discussion

Pack objects to the R&R in three respects. He contends that the magistrate judge erred in (1) denying his motion to dismiss the

4

indictment; (2) concluding that his October 22, 2021 statements fell within the public safety exception of *New York v. Quarles*, 467 U.S. 649 (1984); and (3) concluding that those same statements were made voluntarily. The objections are not lengthy, and Pack states that he relies on the arguments made in the underlying briefing before the magistrate judge. The Court will address each of these objections in turn.

### A.   Motion to Dismiss

Pack's argument with respect to his motion to dismiss is that 18 U.S.C. § 922(g)(1) does not comport with the Second Amendment's right to bear arms. However, he concedes that the Court is bound by the recent Eleventh Circuit decision to the contrary in *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024). He acknowledges that his argument is made for the purpose of future litigation. The Court will thus overrule this objection and deny Pack's motion to dismiss.

### B.   Motion to Suppress

As stated above, Pack objects to the recommendation that his October 22, 2021 statements be admitted for two reasons: he argues

that they were not subject to the *Quarles* public safety exception and were not made voluntarily.

### 1.  Public Safety Exception

The Supreme Court has held that under certain circumstances, the police are not required to give a defendant *Miranda* warnings before asking about the location of a gun because "overriding considerations of public safety justif[ied] the officer's failure to provide Miranda warnings before he asked questions devoted to locating the abandoned weapon." 467 U.S. at 651. Pack contends that the *Quarles* public safety exception does not apply to most of his October 22, 2021 statements because officers questioned him beyond the scope of public safety and about topics unrelated to the firearm.

The Court agrees with the magistrate judge's conclusion that the majority of the statements dealt with the location of the firearm Pack reported having in his bag. When the officers did not locate the firearm in the bag, they followed up by asking Pack further questions about where it was, and Pack did not provide clear or consistent answers. And the Court agrees that because the interaction occurred in a residential neighborhood accessible to the public, including children, the officers'

6

follow-up "questions [were] reasonably prompted by a concern for the public safety." *Quarles*, 467 U.S. at 656.[3]

The Court will therefore overrule Pack's objections with respect to the public safety exception.

### 2. Voluntary Nature

Pack contends that the statements were not voluntary because he was questioned after being formally arrested and while the officers were aware he was intoxicated. However, the Court agrees with the magistrate judge's conclusion that the statements were voluntary because "[t]he interview was not exhaustingly long, there is no evidence of any threats or application of unnecessary physical force, and there is nothing to suggest any promises were made to induce Defendant's statements." [41] at 14–15. The R&R continues, "Furthermore, even assuming that Defendant was intoxicated during the encounter, Officer Fieldgrove testified that he appeared to be coherent and was capable of answering the questions posed to him." *Id.* at 15. The R&R noted that

---

[3] The Court agrees—and the Government does not object—that Pack's other statements responding to questions posed by Sergeant Giles (whether Pack was on probation or parole, whether he was Deondra White, and who Deondra White is) should be suppressed.

7

the video evidence confirms this finding. The Court agrees. The Court will therefore overrule Pack's objections that pertain to the voluntary nature of his statements.

## IV. Conclusion

Having conducted a careful and complete review of the R&R, including a de novo review of those portions of the R&R to which Pack has objected, the Court overrules Pack's objections [51] and adopts as its Order the R&R [41]. Pack's motion [24] to dismiss the indictment is denied, and his motion [22] to suppress cell phone evidence is denied as moot. Pack's motion [23] to suppress statements is granted in part and denied in part as follows: the motion to suppress as to the October 22, 2021 questioning about the firearm at issue is denied, and the motion to suppress is granted as to the October 21, 2022 questioning unrelated to the firearm and as to the contested portions of Officer Taijeron-John's questioning of Pack at the APD Public Safety Center.

IT IS SO ORDERED this 4th day of June, 2024.

_____
Timothy C. Batten, Sr.
Chief United States District Judge